1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3                                                                                       ***

4

5       JAMYE BERRY, *et al.*,

6                                            Plaintiffs,                             Case No. 2:14–cv–1321–APG–VCF

7         vs.

8       ARIA RESORT & CASINO, LLC, *et al.*,          **REPORT & RECOMMENDATION**

9                                            Defendants.

10

        This matter involves Jamye Berry's putative class action against the Aria Resort & Casino under

11
29 U.S.C. § 216, *et seq*. Before the court is the parties' Joint Motion for Preliminary Approval of Class
12
Action Settlement (#19[1]). For the reasons stated below, the parties' motion should be granted.
13
                                                       **BACKGROUND**
14
        From July 1, 2011, through April 14, 2014, Plantiff Jamye Berry worked at Aria Resort & Casino
15
16   as a Table Games Supervisor. (First Amend. Compl. (#21) at ¶ 6). She was compensated on an hourly

17   basis at approximately $33.51 per hour. (*Id*. at ¶ 7). However, Berry—like all Table Games Supervisors

18   employed by Aria—never received overtime pay for the hours that she worked beyond the normal forty

19   hour work week. Accordingly, on July 1, 2014, Berry commenced this action on behalf of herself and

20   others similarly situated. She alleges that Aria's failure to pay overtime violated the Fair Labor Standards

21   Act of 1938, 29 U.S.C. § 207 and the related state laws. *See* NEV. REV. STAT. §§ 608.018, 020–050, 140.

22   (*See* Doc. #21 at pp. 5–8).

23

24

25   [1] Parenthetical citations refer to the court's docket.

1
2
3
4
5

The parties are currently in the midst of settling Berry's claims. On January 8, 2015, Berry and Aria filed the instant Joint Motion for Preliminary Approval of Class Action Settlement. (Doc. #19). Four key provisions follow. First, the proposed settlement class consists of "[a]ll current and former hourly paid Table Games Supervisors who were employed by Defendant during the Class Period," which is the period between July 1, 2011, and April 14, 2014. (*See* Doc. #19-1 at 2:6,8, 4:6).

6
7
8
9
10
11
12

Second, the proposed settlement agreement provides for a maximum recovery amount of $860,000.00. (*Id.* at 3:16). This figure represents (1) $545,832.33 in settlement funds to the class, (2) $12,500.00 in settlement administration costs, (3) a $15,000.00 enhancement to Plaintiff Jamye Berry for her participation in the lawsuit, (4) $281,666.67 in attorney's fees, and (5) $5,000.00 in costs. (*Id.* at 3:19–23). The amount of settlement funds that will be awarded to the class is based on the following formula:

13
14
15
16

> The total settlement amount was attained by taking the actual amount of hours worked over forty (40) hours in a workweek during the Class Period. Each Class Member worked over forty (40) hours in a workweek during the Class Period. Each Class Member will receive a proportionate amount based on the percentage of hours each Class Members worked over forty (40) hours in a workweek as compared with the total amount of hours worked over forty (40) hours by the entire class. These amounts will be determined by reference to Defendant's records . . . .

17

(Doc. #19-1 at 9:11–19).

18
19
20
21
22
23
24
25

Third, the proposed settlement agreement provides for a notice and claims procedure. The parties have agreed to use a third-party Claims Administrator. The proposed settlement agreement states that the Claims Administrator will mail a notice explaining the terms and conditions of the settlement to all class members. (*See* Proposed Notice (#19-1) Ex. A at 23–44). The Class Members have thirty days to either do nothing, in which case they will be included in the class, or request to be excluded from the settlement or object to the settlement. The proposed settlement agreement and notice also state that the court will hold a final fairness hearing and that the class members may attend and be heard.

2

Fourth, the proposed settlement agreement provides for a specific release of claims or causes of action related to the First Amended Complaint's allegations. (*See* Doc. #19 at 4–5).

## LEGAL STANDARD

Federal Rule of Civil Procedure 23 governs class actions.[2] A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979). A class action may not proceed or be settled without court approval. *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); FED. R. CIV. P. 26(a), (e).

Where, as here, the parties seek to certify and settle a class action, the court proceeds in two phases. *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1062 (C.D. Cal. 2010). At the first stage—which the parties are at here—the court determines whether the proposed settlement agreement is "within the range of possible approval and whether or not notice should be sent to class members." *Id.* at 1063 (citing *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 205 (5th Cir. 1981); *Manual for Complex Litigation* § 21.632)).[3] Rule 23 requires the court to engage in a four-step inquiry when making this determination.

First, the court must assess whether a class exists. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). This step is governed by Rule 23(a), which requires the putative class to meet numerosity, commonality, typicality, and adequacy of representation requirements. FED. R. CIV. P. 23(a).

---

[2] The parties are reminded that the Federal Rules of Civil Procedure apply in federal court, *see* FED. R. CIV. P. 81(c)(1), not the Nevada Rules of Civil Procedure on which the parties rely. *See also Hanna v. Plummer*, 380 U.S. 460, 466 (1965) (stating that, under the *Erie* Doctrine, "federal courts are to apply state substantive law and federal procedural law").

[3] At the second stage, the court takes a closer look at the settlement, taking into consideration objections and other further developments in order to make the final fairness determination. *True*, 749 F.Supp.2d at 1063.

3

Second, the putative class must satisfy Rule 23(b). *See Amchem*, 521 U.S. at 614. Under Rule 23(b)(3), the court must find "that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

Third, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). This step is governed by Rule 23(e), under which a settlement may be approved only if it is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2).

Fourth, the court must consider the sufficiency of the parties' notice plan.  Here, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." FED. R. CIV. P. 23(e)(1). Where, as here, the parties move to certify a Rule 23(b)(3) class, the court must  ensure that the parties' notice plan provides for "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B).

If the court preliminarily certifies the putative class and finds that the proposed settlement is fair to the class members, then the court schedules a fairness hearing where it will make a final determination of the class settlement. FED. R. CIV. P. 23(e)(2); *Sobel v. Hertz Corp.*, — F. Supp. 3d —, No. 06–cv–545–LRH–RAM, 2014 WL 5063397, at \*11 (D. Nev. Oct. 9, 2014).

The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The role of the district court in evaluating the fairness of the settlement is not to assess the individual components, but to assess the settlement as a whole. *Lane v. Facebook, Inc.*, 696 F.3d 811, 81819 (9th Cir. 2012) *reh'g denied* 709 F.3d 791 (9th Cir. 2013).

1
2
3

**DISCUSSION**

After reviewing the parties Joint Motion for Preliminary Approval of Class Action Settlement, the court finds that the parties' satisfied Rule 23's four prong test. Each prong is discussed below.

4

**I.      Whether a Class Exists under Rule 23(a)**

5
6
7
8

First, the court must determine whether a class exists. In order to achieve class certification, the putative class must meet Rule 23(a)'s numerosity, commonality, typicality, and adequacy of representation requirements. FED. R. CIV. P. 23(a); *Staton*, 327 F.3d at 953. The court should find that Rule 23(a)'s requirements are met here.

9
10
11
12
13
14
15
16
17
18

Rule 23(a) first requires that the proposed class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Numerosity is not determined by a single benchmark and plaintiffs are not required to allege the exact number or identity of class members to satisfy the numerosity prerequisite *See Freedman v. Louisiana-Pac. Corp.*, 922 F. Supp. 377, 398 (D. Or. 1996). Nonetheless, courts have held that, as a general rule, numerosity exists in cases with forty or more class members, *see Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 482 (2d Cir. 1995), and that numerosity does not exist in cases with twenty or fewer class members. *Ikonen v. Hartz Mountain Corp*., 122 F.R.D. 258, 262 (S.D. Cal. 1988). Here, the parties proposed class is estimated to consist of 215 individuals. (Doc. #19 at 7:12). Therefore, numerosity exists.

19
20
21
22
23
24
25

Rule 23(a) next requires that the proposed class action raise "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). This requirement is "construed permissively." *Staton*, 327 F.3d at 953 (citing *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (1998). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id*. The parties also satisfied this requirement. Each cause of action and legal theory in this action is common

to every class members. Defendants' alleged failure to pay its Table Games Supervisors overtime, as required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 207 and the related state laws. *See* NEV. REV. STAT. §§ 608.018, 020–050, 140. (*See* Doc. #21 at pp. 5–8).

Rule 23(a)'s third element requires "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). This requirement is also "construed permissively" and "tends to merge" with the commonality requirement. *Staton*, 327 F.3d at 953 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n. 3 (1982)). This requirement is satisfied here. Jamybe Berry's (*i.e.*, the Class Representative) claims are substantially identical to the proposed class's claims. Berry, like the proposed class, worked as a Table Games Supervisors with Defendant between July 1, 2011, and April 14, 2014. Additionally, like the proposed class, Berry was allegedly not paid overtime in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C. § 207 and the related state laws. *See* NEV. REV. STAT. §§ 608.018, 020–050, 140.

Finally, Rule 23(a) only permits class certification if "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). To determine whether the representation meets this standard, the court considers two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (1994). Rule 23(a)'s adequacy requirement is satisfied. Class Counsel is an experienced and active practitioner who has vigorously and competently pursued this litigation and the Class Representatives have shown a strong interest in proving the class's claims and achieving redress of their grievances. (*See* Doc. #19 at 8:15–26). Additionally, neither Class Counsel nor the Class Representatives appear to have any conflicts of interest with any other class members. (*Id.*) Given these

qualifications and the lack of conflicts of interest, both Class Counsel and the Class Representatives adequately represent the class to the satisfaction of Rule 23(a)(4). (*Id.*)

Accordingly, the court finds that Rule 23(a)'s requirements are satisfied.

## II. Whether Rule 23(b) is Satisfied

Where, as here, Rule 23(a)'s requirements are satisfied, the court must next determine whether the putative class falls into one of the categories of class actions set forth in Rule 23(b). *See Amchem*, 521 U.S. at 614. Under Rule 23(b)(3), a court may certify a class if it finds "that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

This inquiry has two prongs: predominance and superiority. *Lee v. Enter. Leasing Co.-West, LLC*, 300 F.R.D. 466, 472–73 (D. Nev. 2014). The predominance prong "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Local Joint Exec. Bd. of Culinary/ Bartender Trust Fund v. Las Vegas Sands, Inc*., 244 F.3d 1152, 1162 (9th Cir. 2001) (citing *Amchem*, 521 U.S. at 623)). This inquiry often overlaps with the court's commonality inquiry under Rule 23(a)(1). *See, e.g.*, *Staton*, 327 F.3d at 956; *Schmidt v. Red Rock Fin. Servs., LLC*, No. 2:12–cv–01773–JCM–PAL, 2013 WL 5656085, at *3 (D. Nev. Oct. 15, 2013) (Mahan, J.). By contrast, the superiority prong requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case. *Hanlon*, 150 F.3d at 1023 (citation omitted). This determination involves comparing alternative mechanisms of dispute resolution. *Id*.

Both prongs are met here. As discussed in the court's analysis of Rule 23(a)(2)'s commonality requirement, this litigation focuses on questions common to the class as a whole: whether Defendants failed to compensate the putative class as required by the Fair Labor Standards Act of 1938, 29 U.S.C.

1
2

§ 207 and the related state laws. *See* NEV. REV. STAT. §§ 608.018, 020–050, 140. To date, no individual questions have arisen.

3
4
5
6
7
8
9
10
11
12
13

Rule 23(b)(3)'s superiority prong is also met. Pooling the putative class's claims will "secure [a] just, speedy, and inexpensive determination," *see* FED. R. CIV. P. 1, which would not occur if the class members were required to litigate their claims individually. *See Las Vegas Sands, Inc.*, 244 F.3d at 1163 (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (discussing Rule 23(b)(3) and stating that "[c]lass actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.")). The alternative to class certification would be either hundreds of separate proceedings, which would cause significant expense and risk inconsistent judgments, or abandonment of claims by some class members because of the amount of individual recovery. Under these circumstances, a class action is the superior vehicle for adjudicating Berry's controversy. *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175–76 (9th Cir. 2010).

14

**III.      Whether the Settlement is Preliminarily Fair**

15
16
17
18
19
20
21
22
23
24
25

Third, the court must examine the proposed settlement and make a preliminary finding of fairness. FED. R. CIV. P. 23(e). A class action settlement may be approved only based on a finding that the settlement is "fair, reasonable, and adequate." *Id*. Relevant factors for the court to consider include: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed; (6) the stage of the proceedings; and (7) the experience and views of counsel. *Staton*, 327 F.3d at 959. To determine whether preliminary approval is appropriate, the settlement need only be potentially fair because the court will make a final determination of its adequacy at the hearing on Final Approval. *See Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

The parties satisfied Rule 23(e)'s fairness requirements for five reasons. First, the proposed settlement amount is potentially fair because the settlement amount is a product of the actual hours worked by the Class Members. (*See* Doc. #19 at 10:25–28; 13).

Second, the proposed settlement agreement is potentially fair because it only releases the Class Members' wage and hour claims, not all potential employment claims. (*Id*. at 10–11).

Third, the allocation of the proposed settlement funds between the Class Members and the attorney is potentially fair because it accords with typical fee arrangements, in which Plaintiff's Counsel retains no more than 33% of the maximum settlement amount. (*Id*. at 11:4–7). The court has broad discretion in awarding attorneys' fees in class actions. *Lobatz v. U.S. W. Cellular of Calif., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000); *Fischel v. Equitable Life Assurance Soc'y of the United States*, 307 F.3d 997, 1007 n. 7 (9th Cir. 2002).[4]

Fourth, the proposed settlement agreement's enhancement award is also potentially fair because Jamye Berry "provided invaluable assistance to Plaintiff's Counsel in explaining Defendant's compensation policies and procedures and in providing information to assist in the settlement negotiations." (*Id*. at 12:18–22). "Incentive awards are fairly typical in class actions" and are intended to "'compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action and, sometimes, to recognize their willingness to act as

---

[4] Generally, the court must consider several factors before awarding attorney's fees. These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Fischel*, 307 F.3d at 1007 n. 7. Here, the court's review is limited to whether the proposed settlement agreement is potentially fair. These factors indicate that a standard 33% fee is potentially fair at this stage.

a private attorney general.'" *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646 (S.D. Cal. 2011) (citing *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009)).

Fifth, the proposed settlement agreement is potentially fair because the parties arrived at this settlement after significant investigation and arms-length negotiation. Defendant denies, and continues to deny, Plaintiffs' claims. Plaintiffs, on the other hand, believe that the claims asserted in this action have merit and that the evidence developed to date supports their claims. However, the parties recognize and acknowledge the expense and time associated with continuing with further proceedings, including trial, appeals and ancillary actions. The parties are also mindful of the uncertain outcome and risk involved in any litigation, especially in multi-party actions such as this proceeding. Additionally, the settlement provides a significant, easy-to-obtain benefit to class members: a cash payment to each class member who submits a valid claim.

## IV.    Whether the Parties' Notice Plan is Sufficient

Fourth, the court must consider the sufficiency of the parties' notice plan.  Here, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." FED. R. CIV. P. 23(e)(1). Where, as here, the parties move to certify a Rule 23(b)(3) class, the court must  ensure that the parties' notice plan provides for "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B).

The court finds that the parties' notice plan is sufficient. The parties have agreed to use a third-party Claims Administrator. The proposed settlement agreement states that the Claims Administrator will mail a notice explaining the terms and conditions of the settlement to all class members. (*See* Proposed Notice (#19-1) Ex. A at 23–44). The Class Members have thirty days to either do nothing, in which case they will be included in the class, or request to be excluded from the settlement or object to the settlement.

The proposed settlement agreement and notice also state that the court will hold a final fairness hearing and that the class members may attend and be heard. Additionally, the parties' proposed notice satisfies the elements required by Rule 23(c)(2)(B) and presents the requisite information in clear, easy to understand language.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that the parties' Joint Motion for Preliminary Approval of Class Action Settlement (#19) be GRANTED.

IT IS FURTHER RECOMMENDED that that court (1) GRANT  preliminary approval of the settlement agreement, (2) CERTIFY the proposed class and appoint plaintiff Jamye Berry as class representative, (3) APPOINT Thierman Law Firm, P.C. as class counsel, (4) APPROVE the proposed notice plan and the form of the settlement notice, and order distribution of the notice as outlined in the settlement agreement, and (5) SET a final fairness hearing.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

1

IT IS SO RECOMMENDED.

2

DATED this 27th day of January, 2015.

3

4

_____

5

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25